```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION


SARAH MCNEAL,

                     Plaintiff,

vs.                                Case No.   2:10-cv-764-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                     Defendant.
_____
```

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #22), filed on December 12, 2011, recommending that the Commissioner's decision to deny social security disability benefits be affirmed. Plaintiff filed Objections (Doc. #23) on December 19, 2011, and the Commissioner filed a Response (Doc. #24) on January 5, 2012.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

Plaintiff's Objections assert that the magistrate judge erred in finding that: (1) the Administrative Law Judge's (ALJ) failure to find plaintiff's carpal tunnel syndrom and right shoulder pain were severe impairments was harmless and not reversible error; (2) the ALJ's residual functional capacity assessment was supported by substantial evidence; and (3) the ALJ properly found that plaintiff retained the residual functional capacity to perform past relevant work as a housekeeper. After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation and therefore the Objections are overruled.

First, the Court finds that the ALJ erred in failing to find that plaintiff's carpal tunnel syndrome with hand pain and numbness and her right shoulder pain and neck pain with peripheral

neuropathy were "severe" impairments at Step 2 of the sequential evaluation. The Court agrees with the Report and Recommendation that the medical evidence supports plaintiff's claim that she suffers from these impairments (Doc. #22, pp. 8-9). The Court further finds that this medical evidence is sufficient to satisfy plaintiff's mild burden at Step 2. An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities." Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" include: physical functions such as walking, standing, sitting, lifting, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." McCruter v. Bowen, 791 F.2d 1544, 1546 (11th Cir. 1986). Plaintiff's "burden at step two is mild" and "allows only claims based on the most trivial impairments to be rejected." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). Substantial evidence does not support

the ALJ's finding at Step 2 that these impairments were not severe because the medical evidence showed that these impairments did cause restrictions in basic work activities.

Second, the Court agrees with the Report and Recommendation that harmless error principles apply in reviewing a social security disability case. Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983); Reeves v. Heckler, 734 F.2d 519, 524 (11th Cir. 1984); Moore, 405 F.3d at 1214.

Third, the Court agrees with the Report and Recommendation that the error was harmless in this case. The ALJ found plaintiff did have medical impairments which were severe and therefore continued with the sequential inquiry. Because the ALJ gave full consideration to the consequences of plaintiff's impairments on her ability to work at later stages of the analysis, the error at Step 2 was harmless and is not cause for reversal. See Reeves, 734 F.2d at 524 (rejecting a challenge to an ALJ's conclusion as harmless error when the ALJ had considered the relevant evidence in making the disability determination).

Finally, the Court agrees with Report and Recommendation that the residual functional capacity assessment and the finding that plaintiff could return to her past relevant work as a housekeeper are supported by substantial evidence.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #22) is accepted and **adopted** by the Court.  The Objections (Doc. #23) are overruled.

2.  The Decision of the Commissioner of Social Security is **affirmed**.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of January, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record